GARRET v. WEINBERG.

1. PARTITION—JOINDER OF PARTIES.—The issue of an intestate father may bring one action for the partition of all his lands, properly joining as parties defendant the grantees of the widow's interest in said lands, severally owning separate parcels.

Before BENET, J., Sumter, March, 1894.

Action by John A. Garret and others against Rosa Weinberg and William L. Osteen, commenced January 28, 1893.

*Messrs. Lee & Moise,* for appellants.

*Mr. A. B. Stuckey,* contra.

January 8, 1895. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. This was an action for partition of real estate, and as the only question presented by the appeal arises under a demurrer to the complaint upon the ground that it shows on its face that there is an improper joinder of causes of action therein, it will be necessary to state substantially the allegations of the complaint, which are as follows: 1st. That in November, 1865, one Thomas G. Garrett

died intestate, being seized and possessed at the time of his death of a certain tract of land, containing 508 acres, more or less, more particularly described in the complaint. 2d. That the said Thomas G. Garret left surviving him as his heirs at law his widow, Elizabeth, who has since intermarried with one —— Moore, his son, the plaintiff, John A. Garret, his daughter, the plaintiff, Harriet D. Singletary, and his daughters, Mary Pritchard, Ellen DeLoach, and Maria Norton. 3d. That said Mary Pritchard, Ellen DeLoach, and Maria Norton have since died intestate. 4th. That said Mary Pritchard left no husband and no lineal descendant surviving her. 5th. That said Ellen DeLoach left surviving her as her only heir at law her grand-daughter, the plaintiff, Louisa Rushing, who, being a minor, sues by her guardian *ad litem* duly appointed. 6th. That said Maria Norton left surviving her, as her only heirs at law, the plaintiffs, John, Davis, George, Mary, Anna, and Charles Norton. 7th. That the said Elizabeth Moore, widow of the said Thomas G. Garret, has "sold and conveyed her interest in said premises, purporting to be the entire interest or estate therein, to Edwin W. Moise." 8th. "That by a subsequent conveyance, the defendant, Rosa Weinberg, became and is now the owner of the interest of the said Elizabeth Moore in two separate parts or parcels of the tract of land above described," one containing fifty-two acres, more or less, more particularly described in the complaint, and the other containing 116 acres, more or less, more particularly described in the complaint, and the defendant, Wm. L. Osteen, is now the owner of the interest of the said Elizabeth Moore in the remainder of the said tract of land, to wit: 339½ acres thereof, more particularly described in the complaint. 9th. That the defendants and those through whom they claim have received and enjoyed, respectively, the rents and profits from the above described several and respective parts of the said tract of land since the death of the said Thomas G. Garret. 10th. Sets out the alleged shares and interest of the several parties in the said tract of land, whether correctly or not, we are not now called upon to say. 11th. That all the debts of Thomas G. Garret have been paid. 12th. That the plaintiffs own no

other land in this State in common with the defendants, and are desirous of a partition of the real estate above described; and prays for an accounting and partition.

The case was heard by his honor, Judge Benet, upon the complaint and the demurrer, who rendered judgment overruling the demurrer, and allowing defendants twenty days from the filing of his decree to answer. From this judgment defendants appeal upon the ground that the Circuit Judge erred in overruling the demurrer.

There can be no doubt that, upon the death of Thomas G. Garret, intestate, the title to the land of which he died seized and possessed descended to and became vested in his heirs at law, and any one or more of his heirs at law were entitled to demand partition of the same, and, as in this case, one of the heirs was a minor, it became necessary to invoke the aid of the court for that purpose. The fact that one of the heirs had sold and conveyed her interest in the land to Mr. Moise, by a deed purporting to convey the entire interest or estate therein, certainly could not defeat the right of the other heirs to demand partition. The only effect of such a conveyance would be to convey her undivided interest in the whole land (*Young* v. *Edwards*, 33 S. C., 404), thereby making her grantee, Mr. Moise, a tenant in common with the other heirs. Nor can the fact that, by subsequent conveyance, certain defined portions of the land passed into the possession of the defendants, defeat the right of the other heirs, the plaintiffs herein, to demand partition. The only effect of such subsequent conveyances, even though they may purport to convey the entire estate in the several portions claimed by each, would be to vest in the defendants proportionate shares of the undivided interest of Mrs. Elizabeth Moore, who had conveyed her entire undivided interest to Mr. Moise, under whom these defendants claim, thereby making the defendants tenants in common with the other heirs, the plaintiffs in this action. As was held in *Young* v. *Edwards, supra,* while one tenant in common may convey to a third person, a certain portion of the common property, defined by metes and bounds, which would be good and valid as between the parties to such conveyance, yet such

a conveyance will not be allowed to operate to the prejudice of the other tenants in common.   When, therefore, Mrs. Elizabeth Moore conveyed her interest in the tract of land of which the original intestate died seized and possessed to Mr. Moise, no matter how broad may have been the terms of her deed, it could only have the effect as against the other tenants in common, of vesting in him her undivided interest in the land, and those who claim under him by subsequent conveyances cannot have any higher or greater right than he had.

It is clear, therefore, that there was no error on the part of the Circuit Judge in holding that there was no improper joinder of causes of action, and his decree overruling the demurrer must be sustained.   Indeed, we do not see that there was more than one cause of action stated in the complaint, for it seems to us that it was nothing more than an action for the partition of a tract of land amongst the several tenants in common, entitled to share therein in certain proportions, which we are not called upon to fix, as the only question presented for our decision is, whether there was error in overruling the demurrer, and to that question alone we have confined our attention.

The judgment of this court is, that the judgment of the Circuit Court be affirmed, with leave to the defendants to answer within twenty days after written notice of the filing of this opinion.